## B-W Acceptance Corporation v. Twin State Electrical Supply Co., Inc. et al

[ 238 A.2d 663 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed January 18, 1968

*George R. McKee* and *Louis Lisman* for the plaintiff.

*Black & Plante* for the defendants.

**Per Curiam.** This cause was commenced by writ dated June 11, 1963, returnable before the Windsor County Court. It was tried by court on May 21, 1964. Later, at the suggestion of the trial court, a deposition was taken of a witness on November 19, 1964, and filed a few days later. Apparently, by operation of 4 V.S.A. §119, no findings of fact were made by the trial court and no judgment order has issued.

On April 14, 1967, the parties stipulated for a continuance of the case. This stipulation was mailed to the clerk of the Windsor County Court on April 19, 1967, which was called to the attention of the trial court. Despite the stipulation of the parties, the court directed the clerk to make the entry "Discontinued for lack of prosecution, as provided by rule No. 3.2 (County Court Rule)." This entry was made April 21, 1967, without any prior notice to the plaintiff. The plaintiff appeals from the entry of discontinuance.

Rules of Practice in County Court, 12 V.S.A. App. II, Rule 3.2 provides:

"On the first day of the term and thereafter, the court shall make suitable orders to speed the disposal of cases not assigned, and may, upon reasonable notice, discontinue or otherwise dispose of such untried cases on the docket as have been pending two years and have not been assigned for trial at that term, unless cause is shown for continuance."

This rule authorizes a discontinuance by order of the court, unless cause is shown for a continuance, but only "upon reasonable notice." This procedural requirement is intended to afford a party the opportunity to present facts and circumstances in opposition to an impending dismissal or discontinuance and justify the retention of the case on the docket. Here, the plaintiff was deprived of the benefit of such notice, contrary to the provisions of the rule.

Where the court acts on its own motion, as here, the parties are entitled to notice and an opportunity to show cause why a stale action should not be dismissed. This is particularly true where the failure to prosecute the action to final conclusion is not exclusively assignable to the plaintiff and there is no indication that the cause has been abandoned. See 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit §70.

It follows that the order of discontinuance must be vacated and the action reinstated.

*Order reversed and cause remanded.*